UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GABOR KARMAN,

                Plaintiff,

   -against-                                          8:23-CV-345 (LEK/CFH)

U.S. CUSTOMS AND BORDER
PROTECTION,

                Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Gabor Karman brings this pro se action against U.S. Customs and Border Protection, alleging that Defendants violated his rights under the Fourth and Fifth Amendments. See Dkt. No. 1 ("Complaint").[1]

On September 7, 2023, the Honorable Christian F. Hummel, United States Magistrate Judge, issued a Report-Recommendation and Order in which he reviewed Plaintiff's claims for sufficiency, granted Plaintiff's application to proceed in forma pauperis, Dkt. No. 2, and recommended dismissing the Complaint with prejudice and without leave to amend for failure to state a claim, Dkt No. 6 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts in part and rejects in part the Report and Recommendation.

---

[1] While the Complaint states that the action is brought pursuant to 42 U.S.C. § 1983, "[i]t is well-settled that a § 1983 claim does not lie against the federal government, its agencies, or employees." Feldman v. Lyons, 852 F. Supp. 2d 274, 278 (N.D.N.Y. 2012). Since Bivens actions "are the federal analog to § 1983 actions against state actors," id., the Court will consider the Complaint under Bivens jurisprudence.

1

**II.     BACKGROUND**

The Court assumes familiarity with Judge Hummel's Report and Recommendation, as well as with Plaintiff's factual allegations as detailed therein. See id. at 4–5.

Plaintiff's claims arise out of an encounter with U.S. Customs and Border Protection ("CBP") employees that occurred while he was attempting to drive from Canada into the United States. See Compl. at 3. Plaintiff alleges that he was prevented from entering the United States because of his vaccination status and needed "to return to Canada." See id. He was told to enter a building to acquire "return papers" and to hand his keys to a non-party CBP agent. See id. Three non-party agents then pushed Plaintiff's car away from the inspection booth. See id. Plaintiff entered the building, where non-party agents attempted to handcuff him, threatened to put him in jail overnight, interrogated him for sixty to ninety minutes, and took his fingerprints. See id. Plaintiff alleges multiple causes of action, liberally construed as violations of his rights under the Fourth and Fifth Amendments, see R. & R. at 5, and as torts made actionable under the Federal Tort Claims Act ("FTCA").

In his Report and Recommendation, Judge Hummel recommended dismissal under Bivens,[2] which governs damages actions against federal employees for constitutional violations. See id at 7. Judge Hummel noted that, since Plaintiff had only named a federal agency and has not named individual defendants, he has not properly stated a Bivens claim. See id. at 14. In determining whether to recommend dismissal with or without prejudice, Judge Hummel analyzed whether there were curable pleading defects in Plaintiff's Complaint. See id. at 17. Ultimately, Judge Hummel recommended that the Complaint be dismissed with prejudice, since

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

the lack of an available Bivens remedy in this context would make any amendment futile. See id. at 17–18.

Plaintiff did not object to the Report and Recommendation.[3]

### III. STANDARD OF REVIEW

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1(b). However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (internal citations omitted). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] On July 13, 2023, Plaintiff filed a notice changing his address. Dkt. No. 5. Judge Hummel's Report and Recommendation was filed on September 7, 2023. See R. & R. at 19. It appears possible that the Report and Recommendation was mailed to an incorrect address, see Dkt. No. 7, and on October 20, 2023, the Court ordered that the Report and Recommendation be sent to Plaintiff's new address and that he receive fourteen days from the October mailing to file any objections. See Dkt. No. 8. On November 17, 2023, Plaintiff filed a second notice changing his address. Dkt. No. 9. While the Court notes that the October mailing was also returned as undeliverable, the Court also notes that this second notice was filed more than fourteen days after the October mailing and that service was proper upon the mailing of the Report and Recommendation to his last known address. See Fed. R. Civ. P. 5(b)(2)(C). As such, the Court will consider the Report and Recommendation and assume Plaintiff has waived any objection.

The Court assumes familiarity with the standards governing sufficiency review, as discussed in the Report and Recommendation. See R. & R. at 2–4.

## IV. DISCUSSION

No party objected to the Report and Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Thus, the Court reviews for clear error. For the reasons stated below, Plaintiff's claims are dismissed for failure to establish jurisdiction and failure to state a claim.

As Judge Hummel notes, no Bivens cause of action can be raised against a federal agency. See R. & R. at 14. Because Plaintiff only names the CBP as a defendant and does not name any individual officers, he has not sufficiently alleged a claim compliant with the requirements of Bivens. Given the Supreme Court's recent refusal to maintain Fourth Amendment protections in the border-security context, see Egbert v. Boule, 596 U.S. 482, 494 (2022), it is unlikely that Plaintiff will be able to amend his Complaint to assert a Fourth Amendment Bivens claim that survives judicial review. Additionally, the Supreme Court has not held that Bivens provides a viable pathway for Fifth Amendment due process claims outside of the employment context. See Morales v. United States, No. 18-CV-4247, 2023 WL 2129580, at *10 (E.D.N.Y. Feb. 17, 2023) (noting that "neither the Supreme Court nor the Second Circuit has recognized a Fifth Amendment Bivens claim outside of the employment context" and that several circuits have declined to allow Bivens claims alleging Fifth Amendment due process violations arising out of incidents in border regions). As such, the Court adopts the conclusion of the Report and Recommendation disposing of Plaintiff's Bivens claims. Plaintiff's constitutional claims under the Fourth and Fifth Amendment are dismissed with prejudice.

However, the Court notes that Plaintiff's allegations may also be construed as asserting tort claims for damages to his motor vehicle and to his person: such claims against federal officers are made actionable under the FTCA. 28 U.S.C. §§ 1346(b)(1), 2674. While these claims currently fail for multiple reasons, it is possible that a subsequent amended complaint could address these deficiencies. To the extent Judge Hummel recommended dismissing Plaintiff's tort claims with prejudice, that portion of the Report and Recommendation is rejected only insofar as these claims are now dismissed without prejudice and with opportunity to amend.

While the United States is generally immune from suit, under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees . . . while acting within the scope of his office or employment." Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217–18 (2008). The FTCA precludes tort suit against federal agencies and makes the only proper federal institutional defendant in such an action the United States. See Rivera v. United States, 928 F.2d 592, 609 (2d Cir. 1991) (citing 28 U.S.C. § 2679(a)). Additionally, the FTCA expressly bars claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred. See Sosa v. Alvarez-Machain, 542 U.S. 692, 700–01 (2004) (citing 28 U.S.C.A. § 2680(k)). Plaintiff has not stated any facts alleging that he incurred any injury in the United States. Finally, Plaintiff has not alleged that he has exhausted the FTCA's administrative remedies. See 28 U.S.C. § 2675(a) (requiring plaintiffs to exhaust administrative remedies available within the appropriate federal agency before pursuing a claim in federal court). Insofar as Plaintiff's Complaint could be construed to raise claims under the FTCA, those claims are dismissed without prejudice for failure to assert jurisdiction and failure to state a claim.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation (Dkt. No. 6) is **ADOPTED in part** and **REJECTED in part**; and it is further

**ORDERED,** that Plaintiff's Fourth and Fifth Amendment claims are **DISMISSED with prejudice** for failure to state a claim; and it is further

**ORDERED,** that Plaintiff's tort claims are **DISMISSED without prejudice**. If Plaintiff wishes to file an amended complaint, he must do so within **forty-five (45)** days of this Memorandum-Decision and Order; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    January 11, 2024
          Albany, New York

LAWRENCE E. KAHN
United States District Judge